Fairchild *v.* Fairchild.

## NETTIE F. FAIRCHILD

*v.*

## WILLIAM G. FAIRCHILD.

The defendant answered a bill by his wife for judicial separation and for maintenance on the ground of unjustifiable abandonment, and containing also a prayer that a fraudulent decree of divorce, obtained through perjury by the defendant, in Kansas, be annulled, and the following exceptions to such answer were allowed :

(1) Because the formal parts forbidden by Rule 214 were inserted.

(2) Because of the uncertainty, in reference to the abandonment, whether defendant intended to deny that he had abandoned complainant, or to admit the abandonment and assert a justification thereof.

(3) Because of an allegation of fraud in his marriage, without specifying any fact whereon his charge of fraud rests.

(4) Because the averment of defendant's continuous ill health since the marriage is no answer to an allegation of non-support.

(5) Because an answer to a charge of having obtained a divorce in Kansas, through perjury, does not expose defendant to a penalty or forfeiture without further alleging that perjury is punishable by the laws of Kansas, where it is alleged to have been committed.

(6) Because complainant falsely and fraudulently represented herself to be with child by defendant, who had had sexual intercourse with her previously, and thereby induced him to marry her.

(7) Because there is no affection between the parties.

On exceptions to answer.

*Mr. A. Walling, Jr.*, for complainant.

*Mr. R. W. Dayton* and *Mr. Thos. N. McCarter*, for defendant.

NOTE.—In *Sissing* v. *Sissing (Mich.), 35 Alb. L. J. 369*, the court were equally divided as to whether a marriage procured by the fraud of a woman in representing to a man, with whom she had had illicit intercourse, that she was pregnant by him, when she knew that she was pregnant by another, should be set aside at his instance. See *States* v. *States, 10 Stew. Eq. 197, note; Stewart on Mar. & Div. § 82; 28 Alb. L. J. 64; Haley* v. *Haley (Cal.), 14 Pac. Rep 92; Goodall* v. *Thurman, 1 Head 209.*—REP.

Fairchild *v.* Fairchild.

BIRD, V. C.

The bill in this case is for a judicial separation and for maintenance, the allegation being that the defendant abandoned the complainant without justifiable cause.   There is also an allegation in the bill that the defendant fraudulently procured a divorce from the complainant in the state of Kansas, together with a prayer that the said decree may be declared void, and set aside, and for an allowance for the maintenance and support of the complainant.   The defendant has filed his answer, to which numerous exceptions have been raised.

The first exception is to the clauses which have been expressly provided against by rule of the court, namely, the reservation of exceptions, and the general clause denying combination.   These being in violation of the well-established rule of the court, the exception thereto must prevail.

The second exception is to the effect that the defendant has not answered the allegation in the bill that he abandoned the complainant without justifiable cause.   In answer to this allegation, the defendant insists that he has spread out in his answer such facts as show a complete abandonment, and such other facts as show that he was justified in abandoning her.   In my judgment, he does show an abandonment; but is that sufficient to answer the demands of good pleading?   No one will insist that facts which constitute the basis of a defence need not be set out, when it becomes essential that such facts should be presented to the court in order that the court may understand whether the facts alleged amount to a defence or not.   Yet, it can scarcely be said to be good pleading when the pleader presents facts which may be capable of two interpretations, and which may support more than one conclusion in law, without such pleader himself putting his own interpretation upon them, and declaring what inferences he desires to be drawn therefrom.   The allegations in this answer admit of two interpretations.   It may clearly be seen that the defendant could come into court and say that he did not abandon his wife, nor did he intend to; that he left her, and went into the state of Kansas with her consent, and with her consent procured the divorce which is mentioned in the bill of complaint,

and that such leaving and the obtaining of such divorce amounted not to an abandonment in the contemplation of the statute. The directions of the statute are that the wife shall be entitled to her suit for maintenance, if the husband abandons her without justifiable cause. If the complainant alleges, as has been done in this case, that the defendant abandons her without justifiable cause, it is his duty to answer that charge directly and specifically, yes or no. If he abandons her, and has a justifiable cause, it is his duty to say, "Yes, it is true; I have abandoned the complainant, and I had a justifiable cause for so doing," setting forth the cause or causes for such abandonment. It seems to me that the issue can only thus be framed. The court is entitled to the mind or judgment of the defendant upon the exact charge upon which a decree must be rendered, whether it be in favor of the complainant or of the defendant. I think the second exception is well taken.

The third exception to the charge in the answer that the defendant "believing, as he did, that he had been fraudulently entrapped into his said marriage with the complainant," is, that it is scandalous and impertinent. I think this is also well taken. First, it is a simple charge of fraud, without a single fact immediately following for the charge to rest on. Second, it is by direct reference made part of the defence afterwards set up, showing by proper allegations what the pleader meant by the charge of fraud in this part of the answer, and since I think the latter must fall under the exception taken to it, as will appear, the former must also, even though it be connected with the facts contained in the latter.

The fourth exception is to that part of the answer which is directed to the charge in the bill that the defendant has not at any time rendered any support to the complainant since their marriage. The nearest approach to an answer to this charge is in these words:

"And that owing to his ill health, which has continued ever since the time of his said marriage and before, this defendant has been unable to ever support himself, and is, and always has been, ever since his marriage, entirely unable to support or contribute to the support of the said complainant."

Fairchild *v.* Fairchild.

I think this is not a satisfactory answer. It may be intended for such, but it certainly does not follow that because that allegation is true, that he did not furnish her any support. The value of requiring material and direct charges to be answered directly and clearly is so great, that no court can disregard them when its attention is thus particularly called to them. A party may have an excuse for doing or not doing a thing; but good pleading requires him to say whether he did or did not do what is charged. The pleader must choose the ground he intends to stand upon, and make plain declaration thereof.

The fifth exception is that the defendant has not answered the charge that he knew of the residence of the defendant when he instituted proceedings for divorce in the state of Kansas, and that he falsely and wickedly swore that the residence of the complainant was unknown to him and could not be ascertained by him, and that he falsely swore that this complainant had abandoned him. The answer to these exceptions is, that the defendant cannot be compelled to answer any further than he has, because in so doing he might incur some penalty or forfeiture, the crime of perjury being involved. This is the well-established rule. A defendant, like a witness, when called upon to answer, can always avail himself of the privilege, if it appears to the court that an answer may or may not have a tendency to convict him of a crime, or may form a link in a chain of evidence in that direction. *1 Dan. Ch. Prac. & Pl. 563 &c.; Story's Eq. Pl.* §§ *521, 575, 591.* But it does not appear that, by the laws of Kansas, where the divorce is alleged to have been obtained through perjury, such a crime is punishable or not. In the absence of this material fact, I cannot say that the exceptions are not well taken. It may be proper to remark that it is very questionable indeed whether or not the defendant has availed himself of the proper method of raising such a defence to answering by way of discovery.

The sixth exception to the answer goes to that part in which the defendant sets up what may be said to be his reason or excuse, without so saying, for abandoning the complainant and procuring his alleged divorce in the state of Kansas, and in which, it is

to be inferred, consists the fraud that was previously adverted to in the answer, namely, "that on the 10th day of August, 1885, the complainant came to the defendant on board the steamer 'Minnie Carroll,' and told the defendant that she was in trouble —meaning that she was in a family way; and that because of such charge on her part, he, believing it to be true, and knowing that he had had connection with her twice previously, consented to marry her, and did marry her immediately afterwards, which charges he soon discovered were false." In determining whether this exception is well taken or not, I must determine whether or not the matter thus set up in the answer constitutes a legal defence to the complainant's suit for maintenance. What, then, is this part of the defence? It is that the complainant and defendant met at the house of the complainant's father, which was her home, and that on two occasions the defendant had sexual intercourse with her there, and that in a short time thereafter they met again on board a steamboat, when she told him that she was in trouble by him, and that, believing her statement, he married her; and that, although he married her, there was no previous promise of marriage, and no affection on his part towards the complainant, nor on her part towards him; and that her statement that she was with child by him was untrue.

In my judgment all this is no defence to a suit for alimony. The first particular that arrests the attention is, not that Mrs. Fairchild was a lewd woman, not that she submitted to the lustful desires of Mr. Fairchild, but that she spoke falsely to him respecting the results. Had he been as thoughtful as he was greedy, he would have expected just such an appeal; and, if he had not felt himself guilty of a great wrong, he would not have been so readily overcome by her tender appeal. When, after mutual consent to such transgression, the parties deliberately consent to the marriage contract, and to the solemn performance of the marriage ceremony, the fact that the wife has falsely declared herself to be with child by the husband, as an inducement for him to marry her, is no ground for annulling the marriage or resisting a claim for maintenance. They are equally filthy and abominable in the eye of the law. The law will require each to

fulfill their obligations. *Seilheimer* v. *Seilheimer, 13 Stew. Eq. 412; States* v. *States, 10 Stew. Eq. 195.*

Seventh. The next allegation that strikes the mind is that there was no affection between the contracting parties. I cannot perceive that this can be made part of an issue in any divorce proceedings, except as it may be introduced by the complaining party in case of cruelty, or desertion, or adultery, as tending to show alienation and the like on the part of the alleged defaulting party. But I cannot perceive how any person who has solemnly entered into a marriage contract can avoid his just obligations by saying: "I had no affection for you when I married you." However desirable it may be that holy affection should control every thought and act of parties bound in wedlock, I do not understand that courts have ever undertaken to define the depth, or wealth of that affection, or to prescribe the manifestation of it at all.

In my judgment, the exceptions are all well taken. The exceptant is entitled to costs.